BRENNAN v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(Supreme Court, General Term, First Department. January 13, 1893.)

DEFECTIVE STREETS—CONTRIBUTORY NEGLIGENCE.

A 12 year old boy, who, instead of walking along a city street, as he might have done, climbs an embankment about four feet high, thrown 'up in the street by the city while excavating for a sewer, and who could have seen a barrier erected by the city along the sewer trench if he had looked, is guilty of contributory negligence, as matter of law; and, in an action for injuries sustained by him in slipping from the embankment into the trench below, the trial court properly dismissed the complaint without submitting the case to the jury.

Appeal from circuit court, New York county.

Action by John Brennan, as guardian ad litem of James Brennan, an infant, against the mayor, etc., of the city of New York, for personal injuries caused by the alleged defective condition of one of defendants' streets. From a judgment entered on an order dismissing the complaint, and from an order denying a motion for a new trial, made on the minutes, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

N. J. & N. J. Waterbury, Jr., for appellant.

In this state, a question of negligence, if there be substantial evidence to sustain it, must be submitted to the jury, and this rule includes, not only the mere evidence, but also the inference and conclusions which may properly result from the evidence. Stackus v. Railroad Co., 79 N. Y. 464, 466; Massoth v. Canal Co., 64 N. Y. 524–529; Ireland v. Plank Road Co., 13 N. Y. 533; Renwick v. Railroad Co., 36 N. Y. 132; Dolan v. Canal Co., 71 N. Y. 285, 288, 289; Hill v. Railroad Co., 64 N. Y. 652, mem.; Davis v. Railroad Co., 47 N. Y. 400; Greany v. Railroad Co., 101 N. Y. 419, 423, 5 N. E. Rep. 425; Keller v. Railroad Co., 24 How. Pr. 172, 176; Bernhardt v. Railroad Co., 32 Barb. 165–169; Popp v. Railroad Co., (Sup.) 7 N. Y. Supp. 250; Weber v. Railroad Co., 58 N. Y. 451; Sherry v. Railroad Co., 104 N. Y. 652, 10 N. E. Rep. 128; Parsons v. Railroad Co., (N. Y. App.) 21 N. E. Rep. 145; Thompson v. Railroad Co., 110 N. Y. 636, 17 N. E. Rep. 690; Palmer v. Railroad Co., 112 N. Y. 234, 243, 19 N. E. Rep. 678; Smedis v. Railroad Co., 88 N. Y. 13; Kellogg v. Railroad Co., 79 N. Y. 72. The duty of a municipal corporation to keep the streets of the city in a safe condition has been fully established. Bullock v. City of New York, 99 N. Y. 654, 2 N. E. Rep. 1; Diveny v. City of Elmira, 51 N. Y. 512; Todd v. City of Troy, 61 N. Y. 506; Clemence v. City of Auburn, 66 N. Y. 334; Evans v. City of Utica, 69 N. Y. 166; Niven v. City of Rochester, 76 N. Y. 619; Weed v. Village of Ballston Spa, Id. 329; Saulsbury v. Village of Ithaca, 94 N. Y. 27; Dewire v. Bailey, 131 Mass. 169; Brusso v. City of Buffalo, 90 N. Y. 679, mem.; Storrs v. City of Utica, 17 N. Y. 104; City of Chicago v. Robbins, 2 Black, 418; Robbins v. City of Chicago, 4 Wall. 657–679; Water Co. v. Ware, 16 Wall. 566; City of St. Paul v. Seitz, 3 Minn. 297, (Gil. 205;) City of Logansport v. Dick, 70 Ind. 65; Dill. Mun. Corp. §§ 791–793; Raymond v. City of Lowell, 6 Cush. 524, 530; Bennett v. Village of Sing Sing, (Sup.) 14 N. Y. Supp. 463.

William E. Clark, (T. Connoly and T. Farley, of counsel,) for respondents.

PER CURIAM. This action was brought to recover damages for personal injuries caused by the alleged negligence of the defendants, in failing to exercise due care to protect persons traveling on the public streets of the city from injury. Avenue A extends northerly and southerly, and is crossed at right angles by Ninetieth street. On the 5th of June, 1890, the city caused to be excavated a sewer trench 8 or 9 feet feet deep, from 5 to 8 feet in width, and extending from the west curb line of the avenue westerly, in Ninetieth street, 60 or 70 yards. The earth was thrown out on the south side of the trench, forming an embankment about four feet high, and extending the whole length of the excavation. At the time of the accident, work on the trench had been suspended for the day, and it was protected on the north side by planks laid on barrels standing on end, on the south by the embankment, and on each end by planks laid crosswise. The plaintiff, a boy of 12 years of age, was engaged at the time of the accident in distributing and selling newspapers. He had resided in the city for five or more years, had attended its public shools, and was familiar with its streets. He testified, that between 6 and 7 o'clock P. M. of June 5, 1890, he went on the west sidewalk of the avenue from Eighty-Sixth to Ninetieth street, on his way to Ninety-Second street, for the purpose of delivering a newspaper to a customer. When he reached Ninetieth street, he saw the embankment, which he said was a little higher than his head. His father and another witness called by the plaintiff testified that there was room enough between the east end of the trench and the west rail of the nearest street car track for teams to pass. Instead of passing to the right, around the end of the trench, he walked up the embankment; and, as he was about turning back, he slipped, and fell into the excavation, receiving some injuries, which are alleged to be severe and permanent in their character. He testified that he did not see the barrier on the north side of the trench, nor the one at the east end. Impliedly he seeks to excuse himself for not seeing the north barrier, by stating that the bank was higher than his head, and so obstructed his view, but there was nothing to prevent his seeing the barrier at the east end of the trench, had he looked. The only reason which he gave for going on the bank was that at this point the earth appeared to have been trodden by others, who had preceded him. The fact that others, to gratify their curiosity, or for any motive, had walked upon this embankment, did not render the lad's conduct less negligent. Before he reached the top of the bank, he must have seen the barrier of planks and barrels on the north side, which, with the width of the opening,—five to eight feet,—made it dangerous to attempt to cross it. The fact that he slid into the trench, instead of back into the street, shows that he had passed the highest point of the bank, and was on the side sloping towards the excavation. These facts were testified to by the plaintiff, and by witnesses called in his behalf, and we think it is clear—too clear for discussion—that the boy negligently contributed to his own injury, and that the city is not liable for the damages sustained by him. The learned counsel for the appellant cites many cases in which it has been held that it was error for the

court to take the question of the defendant's negligence, or of the plaintiff's contributory negligence, from the jury. The citations might be multiplied indefinitely, but would have thrown little light on this case; for every action arising out of alleged negligent conduct must be determined by its own facts, under the well-settled general rules applicable to this class of actions. We are also referred to cases holding that it is the duty of municipal corporations to exercise due care to keep their streets in safe condition, but it is difficult to see how this rule aids the plaintiff; for, assuming that more should have been done than was done by the city to guard the trench, it is apparent that the plaintiff was warned of the danger, which he failed to heed, and that the injury was the result of his own carelessness. No ruling was made by the court against the plaintiff upon the admission or rejection of evidence, and the only exception taken was to the order dismissing the complaint. Judgment affirmed, with costs.